## ANTON TRAMP V. STATE OF NEBRASKA.

FILED DECEMBER 23, 1920.   No. 21494.

1. **Information: PLEA IN BAR: DEMURRER: AMENDED INFORMATION.** When, on the trial of one charged with a misdemeanor, defendant has entered a plea in bar to the information, and the county attorney has filed a demurrer thereto, and the court overrules the demurrer, it is not error for the court to fail to discharge defendant, nor error to permit the county attorney to withdraw the information and file an amended information.

2. **Criminal Law: INFORMATION: PLEA IN BAR: JURY TRIAL.** In such case it was not error to refuse a jury trial on the issues raised by the plea in bar, since it was not filed nor urged against the information on which defendant went to trial.

3. **Evidence** examined, and *held* sufficient to sustain the verdict.

4. **Criminal Law: SENTENCE.** A sentence of 60 days' imprisonment in the county jail on the third conviction of a violation of chapter 187, Laws 1917, is not excessive.

ERROR to the district court for Knox county: ANSON A. WELCH, JUDGE. *Affirmed.*

*F. L. Bollen* and *R. J. Millard,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *C. L. Dort,* contra.

MORRISSEY, C. J.

Plaintiff in error was convicted in the district court for Knox county of giving to one Carl Yonke a quart of whiskey in violation of chapter 187, Laws 1917.

May 27, 1919, the county attorney filed an information in two counts, the first of which charged that defendant gave and furnished to one Carl Yonke about one quart of whiskey, and alleged that this was defendant's third offense, he having been twice convicted of a violation of chapter 187. The second count charged defendant with another separate and distinct violation of the same statute. June 2, 1919, defendant being present in court, the state

was given leave to withdraw the information then on file and permitted to file an amended information instanter, and, on application of defendant, the trial of the cause was continued to the succeeding term. The amended information, filed by leave of court, charged that—"On the 18th day of July, 1918, he, the said Anton Tramp, then and there being in said county of Knox, did then and there unlawfully, wilfully, maliciously and feloniously give and furnish to one Carl Yonke certain intoxicating liquors, to wit, about one quart of intoxicating liquor, commonly called whiskey, which act was the third offense of said Anton Tramp, in violation of chapter 187 of the Laws of the 1917 legislature of the state of Nebraska, to wit, he having violated said chapter 187 in Dixon county, Nebraska, on April 14, 1918, and pleaded guilty to said violation on the 16th day of April, 1918, in the county court of Dixon county, Nebraska, and also violated said chapter 187 in Knox county, Nebraska, prior to this offense, by furnishing and giving to Otto Bartz three drinks of intoxicating liquor, commonly called whiskey, on the 18th day of July, 1918, and was convicted of said offense on the 19th day of September, 1918, in the county court of Knox county, Nebraska." To this amended information defendant filed a general demurrer. The demurrer was overruled. October 17, 1919, defendant filed his plea in bar to the amended information filed June 2, 1919. The county attorney thereupon filed a demurrer to the plea in bar, which was overruled by the court, but upon request of the county attorney he was given leave to withdraw the amended information then on file and to file an amended information instanter. The county attorney thereupon filed his second amended information in form and substance the same as the first amended information. October 20, 1919, defendant, being present in court, was arraigned and placed on trial under the second amended information. The jury found defendant guilty as charged and the court sentenced him to 60 days' imprisonment in the county jail.

.As grounds for reversal it is first · alleged that the court erred in not discharging defendant on its own motion after the demurrer of the county attorney. to defendant's plea' in bar had been overruled. We are, however, cited to no authority requiring such summary action to be taken. It is also said the court erred in denying defendant a jury trial on his plea in bar. The ruling of the court was not to the prejudice of the defendant. When the demurrer filed by the county attorney was overruled, he at once asked and was granted leave to withdraw the amended information. The information being withdrawn, there was nothing before the court to submit to the jury. When the second amended information was filed, defendant might again have filed a plea in bar, but he did not do so. He elected to stand trial. This being true, all proceedings had on the original information and the first amended information stood for naught.

It is also argued that the verdict is not supported by sufficient evidence, and, therefore, the court erred in not directing a verdict for defendant. There is a direct conflict in the evidence. Bartz, a witness for the state, testified to facts which, if believed, fully support the verdict.. Defendant testified to an entirely different state of facts. Were we sitting as the triers of fact, we might say that defendant's story was the more reasonable; but these parties were before the jury, which had the right to believe the one and disbelieve the other. Defendant's former convictions for violation of this statute were admitted. It is clear that he was present at the time this liquor was given to Yonke, and the facts and circumstances are such that we cannot say the verdict is not sufficiently supported, and the judgment is

.                                              AFFIRMED.

DAY, J., not sitting.